CURTIS R. TINGLEY (SBN112322)
ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:   (408) 283-7000
Facsimile:    (408) 283-7010

Attorneys for Defendants
MASTER MARKETEERS, INC.,
and SUSAN PACINI

UNITED STATES DISCTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> SUSAN LYNNE PACINI aka SUSAN L. PACINI dba PLANET TAN dba MASTER MARKETEERS, INC., and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.  CV-07-5946 CRB <br><br> **ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW Defendant MASTER MARKETEERS, INC. (hereinafter "DEFENDANT"), to herewith answer the Complaint for Damages and Injunctive Relief:

1. Answering Paragraph 1 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, deny the allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint, DEFENDANT corporation conducts business at the locations described in this paragraph. DEFENDANT corporation admits that Pacini is an individual who resides within the Northern District of California and is President of Master Marketeers, Inc. Except as to what is specifically admitted herein, DEFENDANT

74307FF2.docx

1  denies all of the other allegations in Paragraph 2.

2      3. Answering Paragraph 3 of Plaintiff's Complaint, DEFENDANT denies the
3  allegations contained therein.

4      4. Answering Paragraph 4 of Plaintiff's Complaint, DEFENDANT denies the
5  allegations contained therein.

6      5. Answering Paragraph 5 of Plaintiff's Complaint, DEFENDANT denies the
7  allegations contained therein.

8      6. Answering Paragraph 6 of Plaintiff's Complaint, DEFENDANT admits that Pacini
9  is an individual who resides within the Northern District of California. Except as to what is
10 specifically admitted herein, DEFENDANT denies all of the other allegations in Paragraph 6.

11     7. Answering Paragraph 7 of Plaintiff's Complaint, DEFENDANT denies all of the
12 allegations in Paragraph 7.

13     8. Answering Paragraph 8 of Plaintiff's Complaint, DEFENDANT admits that Pacini
14 is an individual who resides within the Northern District of California. Except as to what is
15 specifically admitted herein, DEFENDANT denies all of the other allegations in Paragraph 8.

16     9. Answering Paragraph 9 of Plaintiff's Complaint, DEFENDANT is without sufficient
17 knowledge or information to form a belief as to the truth of the allegations contained in said
18 paragraph, and, on that basis, deny the allegations contained therein.

19     10. Answering Paragraph 10 of Plaintiff's Complaint, DEFENDANT is without
20 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
21 said paragraph, and, on that basis, denies the allegations contained therein.

22     11. Answering Paragraph 11 of Plaintiff's Complaint, DEFENDANT is without
23 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
24 said paragraph, and, on that basis, denies the allegations contained therein.

25     12. Answering Paragraph 12 of Plaintiff's Complaint, DEFENDANT is without
26 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
27 said paragraph, and, on that basis, denies the allegations contained therein.

28     13. Answering Paragraph 13 of Plaintiff's Complaint, DEFENDANT is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

1  said paragraph, and, on that basis, denies the allegations contained therein.

2      23. Answering Paragraph 23 of Plaintiff's Complaint, DEFENDANT is without
3  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
4  said paragraph, and, on that basis, denies the allegations contained therein.

5      24. Answering Paragraph 24 of Plaintiff's Complaint, DEFENDANT is without
6  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
7  said paragraph, and, on that basis, denies the allegations contained therein.

8      25. Answering Paragraph 25 of Plaintiff's Complaint, DEFENDANT is without
9  sufficient knowledge or information to form a belief as to the truth of the allegations contained in
10 said paragraph, and, on that basis, denies the allegations contained therein.

11     26. Answering Paragraph 26 of Plaintiff's Complaint, DEFENDANT is without
12 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
13 said paragraph, and, on that basis, denies the allegations contained therein.

14     27. Answering Paragraph 27 of Plaintiff's Complaint, DEFENDANT is without
15 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
16 said paragraph, and, on that basis, denies the allegations contained therein.

17     28. Answering Paragraph 28 of Plaintiff's Complaint, DEFENDANT is without
18 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
19 said paragraph, and, on that basis, denies the allegations contained therein.

20     29. Answering Paragraph 29 of Plaintiff's Complaint, DEFENDANT is without
21 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
22 said paragraph, and, on that basis, denies the allegations contained therein.

23 <center>**COUNT I**</center>

24     30. Answering Paragraph 30 of Plaintiff's Complaint, DEFENDANT is without
25 sufficient knowledge or information to form a belief as to the truth of the allegations contained in
26 said paragraph, and, on that basis, denies the allegations contained therein.

27     31. Answering Paragraph 31 of Plaintiff's Complaint, DEFENDANT is without
28 sufficient knowledge or information to form a belief as to the allegations contained in

said paragraph, and, on that basis, denies the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

## COUNT II

37. Answering Paragraph 37 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

40. Answering Paragraph 40 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

said paragraph, and, on that basis, denies the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's Complaint, DEFENDANT is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. As for a first, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a claim.

2. As for a second, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that Plaintiff's Complaint fails to state a claim or controversy as to DEFENDANT.

3. As for a third, separate and distinct affirmative defense to the Complaint, and each and every claim herein, DEFENDANT alleges that Plaintiff's Complaint fails to demonstrate the inadequacy of legal relief.

4. As for a fourth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that Plaintiff is barred by the Doctrine of Estoppel. Plaintiff led DEFENDANT to reasonably infer that it would not enforce any patent rights it allegedly has against DEFENDANT, DEFENDANT relied on Plaintiff's actions giving rise to such a reasonable inference, and DEFENDANT will be materially prejudiced if Plaintiff is allowed to proceed with its claim. For these reasons, Plaintiff is estopped to allege that any acts of DEFENDANT now constitute an infringement of any copyright or patent rights Plaintiff allegedly has.

5. As for a fifth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that Plaintiff is barred by the Doctrine of Laches. Plaintiff unreasonably and inexcusably delayed the filing of the infringement suit, and that delay has caused material prejudice and injury to DEFENDANT. Such injury includes, but is not limited to, DEFENDANT's continued use of allegedly infringing products and investment of substantial sums in promotion and advertising of products. For these reasons, Plaintiff is estopped to allege that any acts of DEFENDANT now constitute an infringement of any patent or copyright rights Plaintiff's allegedly has.

6. As for a sixth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that at all times and places mentioned herein, Plaintiff failed to mitigate the amount of damages. The damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiff's part or by one acting under similar circumstances as Plaintiff could have asserted its alleged rights sooner or at least notified DEFENDANT of the claims being asserted. The failure to mitigate is a bar to recovery of damages at least prior to the filing of the Complaint.

7. As for a seventh, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges, on information and belief, that the sole and proximate cause of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than DEFENDANT.

8. As for an eighth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that DEFENDANT's conduct was not the cause in fact, or the proximate cause, of any of the injury and damages alleged by Plaintiff.

9. As for a ninth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that the causes of action set forth in the Complaint are, and each of them is, barred in whole or in part by the privilege of fair competition.

10. As for a tenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that Plaintiff was negligent, careless, reckless, or otherwise at fault in and about the matters alleged in the Complaint.

11.   As for an eleventh, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that said DEFENDANT acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and practices reasonably and in good faith belief to be in accordance with the Constitution and laws of the United States or the State of California, and these DEFENDANT, therefore, are not liable.

12.   As for a twelfth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that this Court lacks jurisdiction over the subject matter of this action.

13.   As for a thirteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANTs alleges that this Court lacks venue.

14.   As for a fourteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that *jus tertii* bars any and all claims of Plaintiff, including that for injunctive relief, as DEFENDANT believes a third party has, or may have, superior rights to those alleged by Plaintiff.

15.   As for a fifteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that the forum is inconvenient.

16.   As for a sixteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that Plaintiff is barred by the Doctrine of Unclean Hands.

17.   As for a seventeenth, separate and distinct affirmative defense to the Complaint, the purported copyrights of Plaintiff are unenforceable because the subject matter has been in the public domain for years.

18.   As for an eighteenth, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that the subjects of Plaintiff's alleged copyrights are not entitled to copyright protection because they are useful articles with aesthetic features that cannot be identified separately from the respective articles.

19.   As for a nineteenth, separate and distinct affirmative defense to the Complaint, and

each and every count therein, DEFENDANT alleges that each of the counts set forth in the Complaint is barred by the applicable statute of limitations.

20. As for a twentieth, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that each and every claim is barred in whole or in part by the privilege of fair use.

21. As and for a twenty-first, separate and distinct affirmative defense to the Complaint, and each and every count therein, DEFENDANT alleges that the Copyright Registrations alleged in the Complaint were improperly filed with the United State Copyright Office, if they were filed at all.

22. As and for a twenty-second, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that Plaintiff's alleged copyrights are weak and were not infringed and, therefore, the scope of protection for said weak marks does not extend to DEFENDANT's products.

23. As and for a twenty-third, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that Plaintiff's claims are barred as the works in question are in the public domain and have lost any copyright protection that they might have had.

24. As and for a twenty-fourth, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that Plaintiff's claims are invalid as there has been no "copying" as defined by The Copyright Act.

25. As and for a twenty-fifth, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that Plaintiff's claims are barred by the First Sale Doctrine.

26. As and for a twenty-sixth, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that its actions fall within the Fair Use Doctrine, thereby invalidating the counts set forth in the Complaint.

27. As and for a twenty-seventh, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that Plaintiff has abandoned its alleged rights in the works by acts which have caused the marks to lose their significance as copyrighted works.

28. As and for a twenty-eighth, separate and distinct affirmative defense to the

Complaint, DEFENDANT alleges that they had an implied license to use and/or modify and/or copy each and every work claimed to be owned by Plaintiff based on Plaintiff's conduct.

29. As and for a twenty-ninth, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that Plaintiff is barred by the Doctrine of Innocent Intent and that this answering DEFENDANT acted with innocent intent.

30. As and for a thirtieth, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges that and any all statutory damages are barred by the applicable statute of limitations and other bars related to statutory damages.

31. As and for a thirty-first, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges Plaintiff's claims fail as the alleged copyrights are invalid and not infringed.

32. As and for a thirty-second, separate and distinct affirmative defense to the Complaint, DEFENDANT alleges, on information and belief, that Plaintiff has not obtained any grant of rights from the copyright owner of the work(s) in question in this matter or third parties have superior rights to said work(s).

33. As and for a thirty-third, separate and distinct affirmative defense to the Second Amended Complaint, DEFENDANT alleges Plaintiff has not complied with the statutory formalities of either the Copyright Act of 1909 or the Copyright Act of 1976, 17 U.S.C. § 101, et. seq.

34. As and for a thirty-fourth, separate and distinct affirmative defense to the Second Amended Complaint, DEFENDANT alleges that, due to the timing of Plaintiff's purported registration of its alleged copyrights, it is barred from claiming or receiving attorney's fees and statutory damages under 17 U.S.C. §412.

35. As for a thirty-fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges on information and belief that the sole and proximate cause of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than DEFENDANT.

36. As for a thirty-sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that DEFENDANT's conduct was not the cause in fact, or the proximate cause of any of the losses alleged by Plaintiff.

37. As for a thirty-seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that the causes of action set forth in the Complaint are, and each of them is, barred in whole or in part by the privilege of fair competition.

38. As for a thirty-eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff was negligent, careless, reckless, or otherwise at fault in and about the matters alleged in the Complaint.

39. As and for a thirty-ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that said DEFENDANT acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and practices reasonably and in good faith belief to be in accordance with the Constitution and laws of the United States or the State of California, and this DEFENDANT is, therefore, not liable.

40. As and for a fortieth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that this Court lacks jurisdiction over the subject matter of this action.

41. As and for a forty-first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that the Trademark Registrations alleged in the Complaint were improperly issued by the U.S. Patent and Trademark Office in that said alleged trademarks are merely descriptive of the goods of Plaintiff and said marks have not become distinctive of Plaintiff's goods in interstate commerce.

42. As and for a forty-second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that *jus tertii* bars any and all claims of Plaintiff, including that for injunctive relief, as DEFENDANT believes a third party has, or may have, superior rights to those alleged by Plaintiff.

43. As and for a forty-third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged trademarks and trade dress are functional and, therefore, not incontestable, not a trademark from its inception, and incapable of legal protection under the law.

44. As and for a forty-fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged trademarks are not incontestable because of fraud in obtaining the registration or the status of incontestability.

45. As and for a forty-fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged trademarks are not incontestable because of the limited territory of an intermediate junior user.

46. As and for a forty-sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged trademarks are not incontestable because of the prior registration and/or common law rights of DEFENDANT.

47. As and for a forty-seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged trademarks are not incontestable because of DEFENDANT's fair use of the alleged marks.

48. As and for a forty-eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that there is no actual confusion nor any likelihood of confusion between Plaintiff's name or alleged marks and DEFENDANT's name or marks.

49. As and for a forty-ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged trademarks are weak and not infringed, and therefore, the scope of protection for said weak marks does not extend to DEFENDANT's trademarks. DEFENDANT contends that there are numerous third-party uses of similar marks.

50. As and for a fiftieth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that venue is improper.

51. As and for a fifty-first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that the forum is inconvenient.

52. As and for a fifty-second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff has abandoned its alleged rights in the marks by acts which have caused the marks to lose their significance as an indication or origin.

53. As and for a fifty-third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged marks or symbols are not "trademarks" but are generic names of goods or services.

54. As and for a fifty-fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that Plaintiff's alleged names, marks or symbols are not inherently distinctive and have not become distinctive in that purchasers do not associate the name, marks or symbols with Plaintiff alone.

55. As and for a fifty-fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that DEFENDANT's name, marks and symbols are dissimilar to those of Plaintiff, there is no possibility of confusion as to the source of goods, and there is no reasonable implication of endorsement of goods.

56. As and for a fifty-sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that some or all of Plaintiff's alleged trade dress is descriptive and, therefore, not subject to trade dress protection.

57. As and for a fifty-seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, DEFENDANT alleges that its use of the allegedly infringing trade dress or trademark falls within the fair use doctrine, thereby invalidating the causes of action set forth in the Complaint.

58. As a fifty-eighth, separate and distinct affirmative defense to the Complaint and each and every cause of action thereof, DEFENDANT alleges that said Complaint was filed for an

improper purpose, abuse of process and as an improper restraint of trade.

DEFENDANT has not completed its investigation of the allegations of the Plaintiff in the Complaint, and specifically reserves the right to amend its Answer and present additional affirmative defenses as necessary.

WHEREFORE, this answering DEFENDANT prays for judgment as follows:

1. That Plaintiff's request for damages is denied.
2. That Plaintiff's request for injunctive relief be denied;
3. For reasonable attorney's fees and costs of suit incurred therein; and
4. For such other and further relief as the Court deems proper.

Dated:    April 7, 2008                         TINGLEY PIONTKOWSKI LLP


                                                By: /s/ Bruce C. Piontkowski
                                                    BRUCE C. PIONTKOWSKI
                                                    Attorneys for Defendant

1  Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of
2  Court.

3  Dated:    April 7, 2008                           TINGLEY PIONTKOWSKI LLP

5                                                    By: /s/ Bruce C. Piontkowski
                                                         BRUCE C. PIONTKOWSKI
6                                                        Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28