CURTIS R. TINGLEY (SBN112322)
ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:  (408) 283-7000
Facsimile:  (408) 283-7010

Attorneys for Defendants
MASTER MARKETEERS, INC.,
and SUSAN PACINI

UNITED STATES DISCTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUSAN LYNNE PACINI aka SUSAN L. PACINI dba PLANET TAN dba MASTER MARKETEERS, INC., and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.  CV-07-05946 CRB<br><br>DECLARATION OF SUSAN PACINI IN SUPPORT OF DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT [FRCP 55(c)]<br><br>Date:　　May 30, 2008<br>Time:　　10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Honorable Charles R. Breyer |

I, SUSAN PACINI, declare under the penalty of perjury that:

1.　　I am a defendant in the above-entitled case and am an officer of Master Marketeers Inc.

2.　　I am competent to testify regarding the matters stated herein based upon my own personal knowledge and I could testify as to these matters in a Court of Law.

3.　　For the past several years, Master Marketeers Inc., has owned and operated tanning salons in Northern California and has sold incident products, including purses.

4.　　During the summer of 2007, Master Marketeers Inc. purchased and sold several purses and other merchandise in the tanning salon. I believed that the merchandise was genuine

and were not "knock offs" or "counterfeits." I was told by the person who sold the purses that the purses were "last season's" designs and were leftovers.

5. In the Summer of 2007, an investigator came and removed several purses from the tanning salon along with other merchandise.

6. Out of concern that this matter might result in some type of legal matter, Master Marketeers Inc. and I retained attorney Randall Knox as legal counsel.

7. I was concerned about the investigator who seized the purses and merchandise. They had been threatening to our staff when they came to the salon. I, therefore, wanted Mr. Knox to investigate to attempt to resolve the matter so that it did not become a bigger issue.

8. Subsequently, I provided Mr. Knox with a copy of a "cease and desist" letter from an attorney in Florida who purportedly represented Chanel.

9. On or about December 26, 2007, I sent Mr. Knox a copy of a complaint filed by Chanel against myself and my company regarding the purses. It was my understanding that he would address the matter.

10. Mr. Knox discussed the complaint with me and suggested that he would continue to try to resolve the matter.

11. I did not hear from Mr. Knox until he called me in early April 2008. In that telephone conference he stated that a deadline had been missed and that I should retain civil counsel. Within days, I retained the law firm of Tingley Piontkowski LLP.

I declare under the penalty of perjury that the foregoing statement is true and correct and is made under the laws of the State of California and the United States. This declaration is being made in Discovery Bay, California, on April 14, 2008.

Dated: April 14, 2008        /s/ Susan Pacini
                             SUSAN PACINI

1     I hereby attest that I have on file all holograph signatures for any signature indicated by "conformed" signature (/s/) within this e-filed document.

Dated:    April 18, 2008                TINGLEY PIONTKOWSKI LLP

By:  /s/ Bruce C. Piontkowski
     BRUCE C. PIONTKOWSKI
     Attorneys for Defendant