1 | CURTIS R. TINGLEY (SBN112322)
ctingley@tingleyllp.com
2 | BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@tingleyllp.com
3 | TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
4 | San Jose, California 95113
Telephone:   (408) 283-7000
5 | Facsimile:    (408) 283-7010

6 | Attorneys for Defendants
MASTER MARKETEERS, INC.,
7 | and SUSAN PACINI

UNITED STATES DISCTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN LYNNE PACINI aka SUSAN L. PACINI dba PLANET TAN dba MASTER MARKETEERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV-07-05946 CRB<br><br>DECLARATION OF RANDALL KNOX IN SUPPORT OF DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT [FRCP 55(c)]<br><br>Date:    May 30, 2008<br>Time:   10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Honorable Charles R. Breyer |

I, RANDALL KNOX, declare under the penalty of perjury that:

1.   I am attorney licensed to practice law in the State of California. I am competent to testify regarding the matters stated herein based upon my own personal knowledge and I could testify as to these matters in a Court of Law.

2.   I have been a practicing attorney in California for 25 years. My offices are located in San Francisco, California. My practice focuses exclusively upon the practice of law in the field of criminal defense.

3.   I was contacted by Defendant Susan Pacini in the Fall of 2007 regarding the confiscation of Chanel purses. It is my understanding that this confiscation occurred at a business

D0785728.doc

DECL. IN SUPPORT OF MOTION TO SET ASIDE
CASE NO. CV-07-05946 CRB

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW

called "Planet Tan." This business is owned and operated by a corporation called Master Marketeers Inc., according to Ms. Pacini.

4. Ms. Pacini was under the impression that the purses in question were seized by an investigator who was somehow connected with the government, perhaps Contra Costa County. After I was retained, I contacted various law enforcement agencies and found that there was no ongoing criminal investigation of this matter.

5. After Ms. Pacini provided me with a "cease and desist" letter from an attorney in Florida who purportedly represented Chanel, I contacted that attorney. I was attempting to negotiate a resolution.

6. On or about December 24, 2007, Ms. Pacini received a copy of a complaint filed by Chanel against her and her company. She transmitted a copy of this complaint to my offices on or about December 26, 2007.

7. I discussed the complaint with her and suggested that I would continue to try to resolve the matter. I reviewed the complaint and found that the local counsel was an attorney named Michael Lisi in San Francisco. I called him and discussed the possibility of resolving the matter.

8. Thereafter, in February 2008, the focus of my attention was a murder preliminary hearing and a mayhem trial. The Mayhem trial was concluded by mid-February and at about that time I received a telephone call from Mr. Lisi. He warned that a default was going to be entered. I told him in unequivocal terms that I am a criminal defense attorney and that I would not be representing Ms. Pacini or her company in this civil matter.

9. In March 2008, I was busy with the murder case appearing at a preliminary hearing on March 10-13, March 25 and March 28. I appeared at an arson preliminary hearing on March 18, 19 and 20. I was also in a preliminary hearing in a rape case.

10. In early April 2008, I called Ms. Pacini to follow up on the case. Apparently she had not retained a civil attorney and had thought that I had filed an Answer. When she discovered that I had not met the deadline she stated that she would immediately hire civil defense counsel.

11. I had indicated to Ms. Pacini that I was a criminal defense attorney on several occasions. However, based upon her statement to me in early April, she had not understood that I would not be handling the civil case for her and her company.

12. I was contacted on April 9, 2008, by Defendants' civil counsel and asked to make this declaration.

I declare under the penalty of perjury that the foregoing statement is true and correct and is made under the laws of the State of California and the United States. This declaration is being made in San Francisco, California, on April 10, 2008.

Dated: April 10, 2008          /s/ Randall Knox
                                RANDALL KNOX

1  I hereby attest that I have on file all holograph signatures for any signature indicated by
2  "conformed" signature (/s/) within this e-filed document.

3
4  Dated:     April 18, 2008                    TINGLEY PIONTKOWSKI LLP
5
6                                               By: /s/ Bruce C. Piontkowski
                                                    BRUCE C. PIONTKOWSKI
7                                                   Attorneys for Defendant