KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
ANJALI K. KURANI (SBN 227075) akurani@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, California 94104-3839
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333

Attorneys for Plaintiff Chanel, Inc.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>SUSAN LYNNE PACINI a/k/a SUSAN L. PACINI d/b/a PLANET TAN d/b/A MASTER MARKETEERS, INC.,<br><br>                Defendants. | Case No. C-07-5946-CRB<br><br>**PLAINTIFF CHANEL, INC.'S OPPPOSITION TO DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT [FRCP 55(c)]**<br><br>**Date: May 30, 2008**<br>**Time: 10:00 am**<br>**Courtroom: 8, 19th Floor**<br>**Honorable Charles R. Breyer** |

## I. INTRODUCTION

Despite her failure to timely or properly respond to the Complaint in this action, defendant Susan Pacini now asks the Court to set aside the default entered against her on the grounds that she "thought" the Complaint was already answered. Yet Ms. Pacini concedes that she never heard back from her purported counsel and made no effort to follow up with him until he contacted her three months later to say she was in default. This admitted lack of diligence does not warrant the relief she requests. Nor can she overcome that default by filing an improper answer on behalf of an unnamed defendant. Given her lack of diligence, the lack of a meritorious defense and the obvious prejudice to Plaintiff, Defendant's motion to set aside the default should be denied.

## II. FACTUAL BACKGROUND

Plaintiff Chanel, Inc. ("Chanel") filed this action against defendant Susan Pacini ("Pacini") on November 26, 2007. Chanel properly served Pacini with the Summons and Complaint on December 24, 2007. *See* Declaration of Michael Lisi In Support of the Opposition to Set Aside the Default ("Lisi Decl."), ¶¶ 2, 3 Exhibit A (Certificate of Service, dated February 7, 2008) (Docket No. 4). On or about January 3, 2008, prior to the January 14, 2008 deadline for responding to the Complaint, attorney Randall Knox left a message for Chanel's counsel indicating that he represented Pacini and asking to speak further about the case. Lisi Decl., ¶ 4. Chanel's counsel returned the call on January 4, 2008. Although unable to speak directly with Mr. Knox, counsel left a message identifying himself and asking Mr. Knox to return the call at his convenience. Mr. Knox did not, however, respond to that message, and the date for a responsive pleading passed. *Id.*

In mid-February, having received no response from Pacini or her attorney, Chanel prepared a request for entry of default. As a professional courtesy, Chanel's counsel attempted once again to contact Mr. Knox to inform him about the impending default. Lisi Decl., ¶ 5. On or about February 19, 2008, Chanel's counsel called Mr. Knox and left him a message informing him that Chanel would be filing a Request for an Entry of Default with the Court and asking Mr.

Knox to contact counsel as soon as possible. On February 19, 2008, Mr. Knox called back, leaving a message indicating that eh would be in Court until later that day. Mr. Knox's message gave no indication of whether he was still representing Pacini or would be filing a responsive pleading.

On February 20, 2008, Chanel's counsel once more tried to reach Mr. Knox, and once more left a message indicating that Chanel would be filing a Request for Entry of Default. Once again, Mr. Knox did not respond to that voice message. Consequently, on February 21, 2008, Chanel filed its Request for Entry of Default against Pacini. *See id.*, ¶ 4; *see also* Docket No. 5. The Notice of the Entry of Default was entered on February 26, 2008. *See* Docket No. 12.[1]

### III.  ARGUMENT

#### A.  Standard of Review

Under Federal Rule of Civil Procedure 55, a court may enter a default against a defendant who has failed to file an answer or motion to dismiss within twenty days from the date the complaint was filed, or within such additional time as the court has granted. *See* Fed. R. Civ. P 55(c). The default rule serves to protect a diligent party lest he be faced with interminable delay and continued uncertainty as to his rights. *See* 10 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure: Civil § 2681, at 402 (2d ed. 1983). As Pacini's Motion concedes, where a Notice of Entry of Default has been entered pursuant to Fed. R. Civ. P. 55(c), a court should only set aside a validly entered default where the defendant has shown that it has "good cause," that it took quick action to correct the default, and that it has a meritorious defense to the complaint. *Franchise Holding II, LLC v. Huntington Restaurants, Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (upholding entry of default because defendant showed no good cause for

---

[1] Pacini's current counsel purported to file an "answer" on April 7, 2008. *See* Docket No. 13. However, that answer was filed on behalf of Master Marketeers, Inc., rather than Pacini. Indeed, Pacini could not have validly filed an answer on that date – and thus cannot be heard to argue that the filing of the answer "saves" her – given the entry of default against her six weeks earlier. Moreover, Master marketers was not named as a defendant in this action, but rather was merely listed in the Complaint as a "d/b/a" or fictitious business arm of Pacini. Chanel has not yet moved to strike the answer of Master Marketeers, but reserves its right to seek any such relief that is necessary.

OPPOSITION TO DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT JUDGMENT
Case No.: C-07-5946-CRB
3

default).

Because there is considerable overlap between the Rule 55(c) standard and the standards for vacating a default judgment under Rule 60(b), "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Id.* at 925. Thus, courts in the Ninth Circuit apply the same analysis to Rule 55(c) motions to vacate entry of defaults as they would to Rule 60(b) motions to vacate default judgments. *Id.*; *see also* Motion at 3.

Under the Rule 60(b) analysis, the court has discretion to deny a motion to set aside or vacate a default if: (1) the defendant's culpable conduct led to the default, (2) defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside. *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir.1991) (*citing Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.).) The court in *Hammer* further stated that "[t]his tripartite test is disjunctive," allowing a court to uphold an entry of default if the defendant fails to prove any one of those three prongs. *Id.* at 526; *see also American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-1109 (9th Cir. 2000) (upholding default judgment because defendant failed on at least one, as many as two, of the prongs).

In this instance, Pacini cannot satisfy any of the prongs of the test. As described below, Pacini and her attorneys' own conduct led to the entry of default. Moreover, Pacini has not identified any meritorious defense to the trademark infringement claims against her, and Chanel would be prejudiced if the entry of the default were set aside.

**B.    Defendant and Her Counsel's Behavior Were Culpable For The Entry of the Default.**

In determining whether a party's own conduct is responsible for the entry of a default, a Court may look to whether the defendant received constructive or actual notice of the lawsuit. *See Franchise Holding II*, 375 F.3d at 926. "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir.1988) (*quoting*

OPPOSITION TO DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT JUDGMENT
Case No.: C-07-5946-CRB
4

*Meadows*, 817 F.2d 517, 521 (9th Cir.1987))(both cases upholding courts' decisions to enter a default judgments against a dilatory defendants.) Indeed, because of the disjunctive nature of the three-prong test, upon determining the moving party's culpability, a court does not even have to consider the other two prongs. "'[T]he trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default.'" *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 -1109 (9th Cir. 2000) (quoting *Hammer*, 940 F.2d at 526) (court upheld entry of default against defendant).

Here, Defendant admits that she received actual notice of the Complaint and yet failed to timely file an answer. *See* Declaration of Susan Pacini ("Pacini Decl.") (Docket No. 18), ¶ 9. She further admits that, in response, she hired attorney Randall Knox and sent him a copy of the Complaint upon receipt. *Id.* Nonetheless, neither Defendant nor her counsel ever responded to the Complaint.

Moreover, Pacini's grounds for relief – Mr. Knox's trial schedule – rings hollow. Specifically, Pacini notes that Mr. Knox had a busy criminal trial calendar during March 2008. Yet the answer to the Complaint was due on January 14, 2008, and thus his March trial calendar cannot excuse Pacini's failure to respond to the Complaint.[2] *See* Pacini Decl. ¶ 10; *see also* Declaration of Randall Knox ("Knox Decl.") (Docket No. 19), ¶¶ 6-10. In addition, Pacini glosses over the fact that Chanel's counsel attempted to contact Mr. Knox several times, including efforts just before the Request for Entry of Default was even filed. *See* Lisi Decl. ¶¶ 4-5.

---

[2] Throughout her motion, Defendant cites numerous cases in which courts actually uphold the entry of default, further strengthening Chanel's argument that the Court in the instant case should do the same. Even the opinions she cites in which the default *is* set aside are distinguishable. For example, Ms. Pacini cites *Savin Corp. v. CMC Corp.*, 98 F.R.D. 509 (N.D.Ohio 1983) and *Ticketron, Division of Control Data Corp. v. Record Museum, Inc.*, 92 F.R.D. 6 (E.D.Pa 1991) and both are inapplicable here. In *Savin*, the defense attorney monitored the Court's docket and acted immediately after the entry of default was filed. Here, Mr. Knox waited almost two months after the Notice of Entry of Default before contacting Ms. Pacini. Similarly in *Tickerton*, the Defendant relied on corporate counsel, that counsel notified the defendant approximately one week after a responsive pleading was due and defendant secured new counsel and filed a responsive pleading within two (2) days of that notice. Ms. Pacini and her attorneys were not so diligent, waiting almost two months between the Notice of Entry of Default and any communication with the Court or the Plaintiff in the form of a responsive pleading.

OPPOSITION TO DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT JUDGMENT
Case No.: C-07-5946-CRB
5

Indeed, even taking Pacini's alleged reasons as true, the conduct of her and her attorneys is nonetheless solely culpable for the default. As stated in *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), another case cited by Pacini which actually upholds a default, where a defendant receives actual notice of the filing, intentionally fails to timely answer and corresponds with attorneys for that case, the court is justified in finding that that defendant's actions "constituted culpable conduct" that warrant the default.

Pacini also contends that, although her excuses are admittedly "weak," her conduct is somehow not "culpable" because it does not show intent or animus and therefore her failure to respond should be overlooked. Pacini relies heavily on the decision in *SEC v. Lewis*, 2004 U.S. Dist. LEXIS 29597 (C.D. Cal. September 27, 2004).[3] Yet the reasoning by the *Lewis* court actually supports the affirmation of the default here. *Lewis,* 2004 U.S. Dist. LEXIS 29597 at § II.A. In *Lewis*, the defendant's attorney accepted service of the complaint, subsequently "declared himself unqualified to represent Defendant in this matter;" and, before a responsive pleading was due, filed a motion to withdraw as counsel. *Id*. Thus, the attorney and client both actively participated in the case and, according to the *Lewis* court, overlooked the deadline due to carelessness and negligence. *Id*.

By contrast, neither Pacini nor her attorney actively participated in the case. Pacini and her attorney, Mr. Knox, apparently went several months without speaking, despite Pacini's alleged concern about this matter.[4] This included Mr. Knox's failure to apprise her of the default for more than a month after it was entered, and Pacini's own failure to inquire as to the status of the action. Apparently Pacini and Mr. Knox also failed to communicate regarding his ability to handle this matter, as Pacini was unaware that Mr. Knox was not capable of handling this civil action. In addition, Mr. Knox, despite repeated calls from Chanel's counsel, never

---

[3] For the Court's convenience, a copy of this unpublished opinion is attached as Exhibit A, ¶ 6 to the Lisi Declaration.

[4] Moreover, Ms. Pacini was actually served with the complaint, and thus had actual notice of the pending action.

OPPOSITION TO DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT JUDGMENT
Case No.: C-07-5946-CRB

indicated that he was not representing Pacini in this matter or suggested that Chanel's counsel contact her directly.[5]

This conduct by Pacini and her counsel is in contrast to the carelessness or negligence described in *Lewis*, and more akin to the culpable conduct contemplated by the cases cited in Pacini's Motion where courts have upheld entry of default. *See e.g. Alan Neuman Productions, Inc. v. Albright*, 862 F.2d at 1392 (upholding entry of default because of defendant's culpable conduct); *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d at 1108 -1109 (upholding default because "Hayhurst [defendant] himself was purely the cause of the default."); *Direct Mail Specialists, Inc.*, 840 F.2d at 690 (upholding default because "[i]f a defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable."); *Meadows v. Dominican Republic*, 817 F.2d at 521-522 (upholding default judgment because defendant "received actual notice of the complaint and intentionally declined to answer.")

Pacini and her counsel of choice admittedly knew of the Complaint yet failed to timely answer. Yet they have not demonstrated "good cause" for that failure, and thus the Court should not set aside the default here.

C.  **Attorney Inaction Is Not Excusable Neglect.**

As noted, in assessing whether to set aside a default some courts look to the Rule 60(b) standard of "excusable neglect" to determine whether or not a default should be vacated. *See Franchise Holding II, LLC*, 375 F.3d at 927. "Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (internal citations omitted). Here, these factors weigh in favor of upholding the entry of default.

---

[5] Notwithstanding the contentions by Mr. Knox, Chanel's counsel has never "discussed" this matter with him. *See* Lisi Decl., ¶ 5.

OPPOSITION TO DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT JUDGMENT
Case No.: C-07-5946-CRB
7

First, it is undisputed that Pacini delayed not only in answering the Complaint, but also in responding to the Notice of Entry of Default. Moreover, Pacini has no good reason for the delay. As noted, Pacini relies on the illogical claim that Mr. Knox was involved in a criminal trial in March 2008, which somehow prevented him from filing a responsive pleading in January. Mr. Knox also contends that he told Ms. Pacini that he did not have the requisite experience to file a responsive pleading at all, yet Pacini made no effort to find a replacement until after the default had been entered. Given these facts, Pacini has no reason for the delay.

Pacini also had most of the actions within her control – she was served and on notice of the action but chose to ignore it until notified of the default. Nor did she inquire as to the status of the case or monitor the docket as some defendants do. It was not until April that Pacini learned of the default and hired new counsel to respond – actions which could have been taken in a timely manner if she had been diligent. For a defendant who claimed to be scared by the presence of a private investigator, a failure to follow up with her attorney for four months after she was served with a civil complaint is simply not "good faith." Although neither Chanel nor Pacini contends that Mr. Knox was grossly negligent, the fact remains that the combination of his carelessness along with Pacini's disregard for this action all demonstrate a lack of good cause or excusable neglect. Consequently, there is no basis for setting aside the default there, and the Motion should be denied.

### D.   The Defendant Has No Meritorious Defense To The Claims.

Pacini has also failed to establish that she has any meritorious defense to the allegations of the Complaint. As noted above, Pacini's counsel has filed an improper answer on behalf of an entity that was not separately sued, Master Marketeers, Inc. Although in that "answer," Master Marketeers invokes almost every known affirmative defense from *forum non conveniens* to subject matter jurisdiction to equitable estoppel, the only defense that Pacini thinks meritorious enough to raise in her Motion is that of the "first sale" doctrine. Even then, Pacini spends a scant two paragraphs discussing the application of the "first sale" doctrine to the facts here. Although not laid out with any specificity, presumably, Pacini believes the sales were valid because she

was merely a re-seller and she believed that the merchandise provided to her was authentic. *See* Pacini Decl., ¶ 4. Yet Pacini provides no evidence, facts or basis for these purported beliefs. "To justify vacating the default judgment, ...[defendant] had to present the district court with specific facts that would constitute a defense." *Franchise Holding*, 375 F.3d at 926. Merely, offering conclusory statements or general denials without identifying particular facts is not enough "to justify vacating a default or default judgment." *Id.*

Here, Pacini merely offers one line in her declaration that she believed the merchandise to be authentic – she offers no evidence, no invoices, no names, no certificates, and no proof as to the basis for her belief. While she also claims that "[t]here are many other defenses that apply," she identifies none, and offers no facts whatsoever to support any such "additional" defenses. Consequently, the Court and Chanel have no way of assessing the alleged merit of those defenses. Pacini's conclusory and unsupported statements are simply not enough to support setting aside the default against her.

### E. Plaintiff Will Be Prejudiced If Defendant's Motion Is Granted.

As stated above, Chanel need only satisfy one of the three prongs to successfully defeat Pacini's motion. *See generally In re Hammer*, 940 F.2d at 525-26. The evidence discussed above plainly satisfies the first two prongs – defendant's culpable conduct and lack of a meritorious defense – and thus the Court's inquiry need go no further. However, Chanel also prevails on the third prong – prejudice to the plaintiff if the default is set aside. Chanel spends significant resources creating, developing and promoting its brand, its identity and its loyal customer base. Indeed, Chanel's image of luxury and quality is based in part on Chanel's products and trademarks not being diluted in the marketplace. Infringers, like Pacini, serve to dilute Chanel's brand, and the longer those infringers exist in the market, the more Chanel's brand, its reputation and even its sales are affected. That is precisely the reason that Chanel is so diligent in protecting its intellectual property rights. By refusing to answer the Complaint, however, Pacini has denied Chanel valuable discovery that could assist it with locating other infringers. Pacini has also prevented Chanel from moving forward and resolving this case

expeditiously. Such prejudice with the lack of valid reason for the delay or a meritorious defense, all weigh in favor of denying the Pacini's Motion. *See Franchise Holding*, 375 F.3d at 926-927 ("there certainly is the possibility that setting aside the default judgment would prejudice [plaintiff].")

## IV. CONCLUSION

Pacini has not demonstrated good cause for her delay in responding to this action, and has not demonstrated that she has a meritorious defense in any event. Combined with the prejudice to Chanel, Pacini has provided the Court no justification for setting aside the default against her. For these reasons, Chanel respectfully requests that the Court deny Defendant's Motion to Set Aside the Default.

Dated: May 9, 2008               KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____/s/_____
Kenneth E. Keller
Michael D. Lisi
Anjali K. Kurani
ATTORNEYS FOR PLAINTIFF
CHANEL, INC.