```
CURTIS R. TINGLEY (SBN112322)
ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:   (408) 283-7000
Facsimile:   (408) 283-7010

Attorneys for Defendants
MASTER MARKETEERS, INC.,
and SUSAN PACINI
```

UNITED STATES DISCTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN LYNNE PACINI aka SUSAN L. PACINI dba PLANET TAN dba MASTER MARKETEERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  CV-07-05946 CRB<br><br>SUPPLEMENTAL DECLARATION OF SUSAN PACINI IN SUPPORT OF DEFENDANT PACINI'S MOTION TO SET ASIDE DEFAULT [FRCP 55(c)]<br><br>Date:   May 30, 2008<br>Time:   10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Honorable Charles R. Breyer |

I, SUSAN PACINI, declare under the penalty of perjury that:

1.  I am a defendant in the above-entitled case and am an officer of Master Marketeers Inc.

2.  I am competent to testify regarding the matters stated herein based upon my own personal knowledge and I could testify as to these matters in a Court of Law.

3.  During the summer of 2007, Master Marketeers Inc. purchased and sold several purses and other merchandise in the tanning salon. The subject merchandise was purchased at the Galt Market in Galt, California. On every Tuesday, the Galt Market holds an open-air market where wholesalers of goods sell supplies and merchandise to retailers. In fact, whenever we

5AF9C87E.doc

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW

DECL. IN SUPPORT OF MOTION TO SET ASIDE
CASE NO. CV-07-05946 CRB

purchased anything from this market, I was required to show the company's reseller license. We do not possess receipts for these purchases. Our business is a small operation and we do not have the formalities in place to retain invoices or receipts for the merchandise purchased so long ago.

4.  I believed that the merchandise that was labeled "Chanel" that was purchased was genuine and not "knock offs" or "counterfeits." I was told by the person who sold the purses that the purses were "last season's" designs and were leftovers. We purchased the Chanel merchandise from several of the vendors at the Galt Market.

5.  There was nothing about these products that indicated to me that they were anything but genuine.

6.  In December 2007, Mr. Knox discussed the complaint with me and suggested that he would continue to try to resolve the matter. I called him on several occasions after sending him the complaint, but I heard nothing from him. I assumed that he was my attorney and the attorney for the company, and that he was taking all steps that were required.

7.  I did not hear from Mr. Knox until he called me in early April 2008. In that telephone conference he stated that a deadline had been missed and that I should retain civil counsel. Within days, I retained the law firm of Tingley Piontkowski LLP.

I declare under the penalty of perjury that the foregoing statement is true and correct and is made under the laws of the State of California and the United States. This declaration is being made in Discovery Bay, California, on May 13, 2008.

Dated: May 13, 2008                    /s/ Susan Pacini
                                       SUSAN PACINI

     I hereby attest that I have on file all holograph signatures for any signature indicated by "conformed" signature (/s/) within this e-filed document.

Dated:    May 14, 2008              TINGLEY PIONTKOWSKI LLP

                                        By: /s/ Bruce C. Piontkowski
                                            BRUCE C. PIONTKOWSKI
                                            Attorneys for Defendant