IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL INC., | No. C 07-05946 CRB |
| Plaintiff, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
| v. | |
| SUSAN LYNNE PACINI, | |
| Defendant. | |

Defendant Susan Pacini moves to set aside the default judgment entered by the Court on February 26, 2008. Because Defendant has shown "good cause" for her failure to file a timely answer to Plaintiff Chanel's complaint, the motion is GRANTED. The hearing scheduled for May 30, 2008 is VACATED; the parties are instructed to appear for a case management conference on May 30, 2008 at 10:00a.m.

**BACKGROUND**

In the summer of 2007, a private investigator visited a tanning salon owned and operated by Pacini and removed several purses offered for sale, along with other merchandise. See Pacini Decl. ¶ 5. Concerned that the seizure might result in legal action, Pacini hired Randall Knox to serve as legal counsel. Id. ¶ 6. Knox, who focuses his practice exclusively upon criminal defense, contacted law enforcement agencies to determine whether the investigator was affiliated with a pending criminal investigation, which apparently the

investigator was not. See Knox Decl. ¶¶ 2, 4.

Pacini subsequently received and forwarded on to Knox a "cease and desist" letter from Plaintiff Chanel. See id. ¶ 5. Knox contacted the attorney representing Chanel to negotiate a resolution, but was unable to do so before Chanel filed a complaint on November 26, 2007 alleging violations of the federal trademark laws. The complaint alleged that Pacini sold counterfeit Chanel handbags, wallets, and other goods through her tanning salons. See Complaint ¶¶ 2, 19.

Approximately two days after receiving a copy of the complaint on December 24, Pacini transmitted a copy to Knox. See Knox Decl. ¶ 5. Knox discussed the complaint with Pacini, and suggested that he would continue to try to resolve the matter. See id ¶ 7. Although Pacini was required to file an answer by January 14, 2008, see Federal Rule of Civil Procedure 12(a)(1)(A)(i), Pacini failed to file a responsive pleading. On February 19, 2008, Chanel's lawyer telephoned Knox to inform him that the date for a responsive pleading had passed. See Lisi Decl. ¶ 5. The next day, Chanel's lawyer left a message informing Knox that Chanel intended to file a Request for Entry of Default against Pacini, but Knox never responded. See id.

According to Knox, he was busy in February and March with two criminal trials. See Knox Decl. ¶¶ 8, 9. For that reason, he did not contact Pacini until early April, when he called "to follow up on the case." Id. ¶ 10. At that point, Knox informed Pacini that a deadline had been missed and recommended that Pacini hire civil counsel. See id. ¶ 10; Pacini Decl. ¶ 11. Within days, Pacini hired another lawyer to represent her in this proceeding. See Pacini Decl. ¶ 11. New counsel filed an answer on April 7 and soon thereafter filed this opposed motion to set aside the default.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default "for good cause." The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

The good cause analysis considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. See id. Pacini bears the burden of demonstrating that all three factors favor reopening the default judgment, and the Court may deny the motion if she fails to bear her burden on any one factor. See Franchise Holding II, LLC. v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). Because default judgments are usually disfavored, the Court must apply Rule 55 liberally, and any doubts must be resolved in favor of the motion to set aside entry of default. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987).

## ANALYSIS

### I. Culpability

The Ninth Circuit clarified the meaning of the "culpability" prong in TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001). As in this case, the defendant in TCI moved to set aside a default judgment based on her failure to file a responsive pleading. The court set forth the governing standard – that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer" – but concluded that a failure to answer is not intentional unless done so willfully, deliberately, or in bad faith. Id. at 697 (quotation omitted) (emphasis in original). Thus:

> [n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not necessarily – although it certainly may be, once the equitable factors are considered – culpable or inexcusable.

Id. at 697-98 (emphasis in original).

Pacini has provided an explanation for her default inconsistent with a devious, deliberate, willful or bad faith failure to respond: she reasonably believed that she had hired counsel who was diligently responding to the complaint. Unfortunately, for assorted reasons, the lawyer who assured Pacini that he would attempt to resolve the matter failed to either file

3

an answer or tell Pacini to hire other counsel before an answer was due. Pacini herself bears no blame, as she promptly hired new counsel and filed an answer when told of the situation.

There is no evidence that Pacini intended to take advantage of Chanel or manipulate the legal process. At worst, Pacini is guilty of placing too much faith in her attorney. While "clients must be held accountable for the acts and omissions of their attorneys[,]" Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396 (1993), an attorney's failure to timely file a pleading may be excusable under Rule 60(b)(1) – and therefore good cause for setting aside an entry of default pursuant to Rule 55(c) – if certain equitable factors favor the defendant. These equitable factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. at 395, cited in Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).

The majority of the four Pioneer factors favor granting Pacini's motion. First, for the reasons set forth below in Part III, the prejudice to Chanel is minimal. Second, the two-month delay between the entry of judgment and Pacini's motion, while not insignificant, would have a negligible impact on the judicial proceedings. No discovery has been conducted, no trial or pre-trial dates have been set, and nothing – other than Chanel's interest in finality – would be upset by reopening the case. The third factor – reason for the delay – surely favors Chanel, as Knox has failed to provide a sympathetic reason for his failure to file an answer on Pacini's behalf. But the fourth factor favors Pacini, because there is no evidence that either she or Knox acted with anything less than good faith. Knox's "errors resulted from negligence and carelessness, not from deviousness or wilfullness." Bateman, 231 F.3d at 1225.

Because Pacini has proffered a credible explanation that negates any inference of bad faith, and because the equities weigh in her favor, the Court finds that Pacini is not culpable for the failure to file a timely answer.

///

## II. Meritorious Defense

To satisfy the second prong of the good faith test, Pacini must present specific facts that would constitute a defense. See Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The burden on a party seeking to vacate a default judgment is not extraordinarily heavy, see TCI, 244 F.3d at 700, but a mere denial without facts to support it is not enough to justify vacating a default, see Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004).

In a supplementary declaration, Pacini states that she bought the Chanel merchandise in question at an open-air market in Galt, California where wholesalers of goods sell supplies and merchandise to retailers. See Supp. Pacini Decl. ¶ 3. Pacini believed the merchandise labeled "Chanel" was genuine, and the person who sold the purses told Pacini that they were leftovers from a prior season's design. See id. ¶ 4. There was nothing about the Chanel products that suggested to Pacini that they were counterfeit. See id. ¶ 5.

According to Pacini, these facts suffice to show that she may have a "first sale" defense. Under the first sale doctrine, "the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product." Sebastian Int'l, Inc. v. Longs Drug Stores Corp. 53 F.3d 1073, 1074 (9th Cir. 1995). Hence, a distributor who resells trademarked goods without change is not liable for trademark infringement.

Much of Pacini's evidence bears on her subjective belief that the purses were genuine. But Pacini's intent is irrelevant to the first sale defense. See Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250, 1256 n.16 (1982). The issue is not whether Pacini believed the purses to be genuine, but whether the purses were in fact genuine. While it is a close call, the Court finds that the evidence proffered by Pacini satisfies Madsen's requirement that specific facts constituting a defense be presented. The fact that Pacini purchased the purses at a legitimate open-air market from merchants who represented that the purses were genuine supports Pacini's position that the purses were not counterfeit. The Court makes no judgment as to whether the evidence would be sufficient to prevail at trial or to successfully oppose a motion for summary judgment; the Court simply finds that the facts set forth in Pacini's declaration

satisfy the burden imposed by Rule 55(c), and concludes that Pacini has a meritorious defense.

### III. Prejudice

The third prong to the good faith inquiry addresses whether reopening the default judgment would prejudice the plaintiff. To be prejudicial, the setting aside of the judgment must result in greater harm than simply delaying resolution of the case. TCI 244 F.3d at 701. Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." See Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Chanel has not even attempted to argue that setting aside the judgment would hinder its ability to pursue its trademark claims. Other than forcing Chanel to litigate its claims on the merits – which "cannot be considered prejudicial for purposes of lifting a default judgment," TCI, 244 F.3d at 701 – reopening the judgment would have no ill effects. Accordingly, the Court finds that reopening the default judgment would not prejudice Chanel.

### CONCLUSION

Good cause to reopen the default judgment exists in this case because (1) the default did not result from Pacini's culpable conduct; (2) Pacini has a meritorious defense; and (3) reopening the default judgment would not prejudice Chanel. Accordingly, the motion to set aside the default is GRANTED.

**IT IS SO ORDERED.**

Dated: May 20, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE