KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
ANJALI K. KURANI (SBN 227075) akurani@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, California 94104-3839
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333
Attorneys for Plaintiff Chanel, Inc.


CURTIS R. TINGLY (SNB112322) ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202) bpiontkowski@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:    (408) 283-7000
Facsimile:    (408) 283-7010
Attorneys for Defendants
SUSAN PACINI and
MASTER MARKETEERS, INC.


THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSAN LYNNE PACINI a/k/a SUSAN L. PACINI d/b/a PLANET TAN d/b/A MASTER MARKETEERS, INC.,<br><br>    Defendants. | Case No. C-07-5946-CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: May 30, 2008<br>Date Filed: November 26, 2007 |

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-5946-CRB

Pursuant to Local Rule 16-9 and this Court's Standing Order, Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel"), Defendant Susan Pacini ("Pacini") and putative[1] Defendant Master Marketers, Inc. ("MMI") hereby submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. Jurisdiction and Service

The Court has jurisdiction over Pacini, a resident of Discovery Bay, California. Master Marketeers, Inc. is also based in Antioch, California, both within this Court's jurisdiction. Additionally, the claims involve trademark infringement, properly within the realm of the federal court. Pacini was served with copies of the Summons and the Complaint on December 24, 2007 by personal service. *See* e-Docket, no. 2. The Court recently granted Pacini's Motion to Set Aside Default. Pacini has not yet answered the Complaint.

2. Facts

Plaintiff Chanel, Inc. states that it is a New York corporation, designs and markets a wide range of luxury goods including handbags, wallets and travel bags, which are sold throughout the United States and worldwide. Chanel has developed and registered a number of trademarks which are used in connection with the manufacture and distribution of those luxury goods (hereinafter "The Chanel Marks").

Defendant Master Marketeers Inc. states that it is the owner and operator of Planet Tan shop and that defendant Susan Pacini is an officer and shareholder of Master Marketeers, Inc.

Chanel initiated this action against Pacini on November 26, 2007, through the filing of a Complaint for federal trademark counterfeiting and infringement (Count I), federal false designation of origin (Count II), and federal trademark dilution (Count III). *See* e-Docket No. 1. Specifically, Chanel

---

[1] Defendants believe that the corporation was sued in this matter. Defendants contend that Master Marketeers Inc., is a duly incorporated company, that transpired the business that is the purported basis for the claims in this matter.

alleges that Pacini has advertised, distributed, offered and/or sold counterfeit merchandise, including handbags, wallets, and scarves bearing copies of the Chanel Marks. Further, Chanel contends that the Defendant had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license the trademarks and goodwill associated therewith.

Defendants contend that the products were legitimate and not counterfeit, and that defendants purchase merchandise from the Galt Market, which has a wholesale market on Tuesday. Defendants are investigating further defenses. Defendants dispute the allegations of Plaintiff.

Principal Factual Issues in Dispute

- Whether Defendant(s) advertised, distributed, sold and/or offered counterfeit good bearing copies of the Chanel Marks.
- Whether Defendant(s)' alleged counterfeiting and infringement has caused or is likely to cause confusion among consumers.
- Whether Defendant(s)' alleged false designation of the origin of its goods has caused or is likely to cause confusion among consumers.
- Whether Defendant(s) acted with knowledge of the counterfeit, or lack of authenticity of the Chanel Marks.
- Whether Chanel has been injured as a result of the conduct and actions of Defendant(s) described in the Complaint, and in what amount.

3. Legal Issues

- Whether putative defendant Master Marketeers, Inc. ("MMI") is an appropriate or necessary party to this action.
- Whether Defendant(s) has/have committed trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.
- Whether Defendant(s) has/have has falsely designated the origin of, and/or otherwise falsely described their goods in violation of the Lanham Act, 15 U.S.C. § 1125(a).

- Whether the conduct of Defendant(s) described in the Complaint was willful, intentional, fraudulent, malicious, oppressive, or in conscious disregard of Chanel's rights.
- The amount of damages and restitution, if any, to which Chanel is entitled as a result of the conduct and actions of Defendant(s) described in the Complaint.
- Whether Chanel is entitled to trebling of its damages.
- Whether Chanel is entitled, at its election, to an award of statutory damages.
- Whether Chanel is entitled to injunctive relief against Defendant(s).
- Whether Chanel is entitled to enhanced, exemplary, punitive, or otherwise special damages as a result of the conduct and actions of Defendant(s) described in the Complaint.
- Whether Chanel is entitled to attorneys' fees and costs as a result of the conduct and actions of Defendant(s) described in the Complaint.

4.  Motions

Pacini's Motion to Set Aside Default was granted by this Court on May 20, 2008. There are no other motions pending before the Court.

5.  Amendment of Pleadings

As discussed below, the parties are discussing whether the Complaint needs to be amended to add MMI as a defendant. If Chanel does choose to amend the Complaint, it will do so by July 7, 2008. Plaintiff's investigation and discovery of Pacini's various corporate entities is ongoing. Plaintiff's position is that it initially sued only Pacini. Plaintiff contends that while the Complaint identified several aliases and "DBAs," it did not identify any corporate entity as a defendant. Defendants contend that MMI is a Defendant and has properly answered the Complaint and contends that it is a necessary and proper party. The parties are currently discussing whether the complaint needs to be amended to include MMI as a defendant, or whether it was named as a party. To the extent necessary, the parties will move to amend the pleadings in this action accordingly.

6.  Evidence Preservation

Chanel has preserved all evidence gathered through investigation regarding Pacini's alleged activities. **[DEFENDANT TO INSERT PRESEVATION IF ANY].**

## DISCLOSURE AND DISCOVERY

7. <u>Disclosures</u>

Because the Court has only recently set aside the default against Pacini, the parties have not yet begun discovery nor have they exchanged Initial Disclosures. The parties are currently meeting and conferring and will select a mutually agreeable date for the exchange of initial disclosures.

8. <u>Discovery</u>

With respect to discovery, Chanel expects to take extensive discovery into Ms. Pacini 's (and possibly MMI's) suppliers, distributors, financial statements, customer lists, wholesale contacts and methods of verification. Defendants will be pursuing discovery into the trademarks and registrations of plaintiff, and will pursue discovery regarding several defenses including but not limited to acquiescence.

9. <u>Class Action</u>

This case is not a class action.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Damages</u>

Chanel is requesting injunctive damages and monetary relief. Because Chanel has not had the opportunity to take any discovery, Chanel does not know the extent of Pacini's infringement or the amount and cost of merchandise that she sold. Chanel will be seeking monetary recovery for all of Pacini's infringements and reimbursement for the dilution of its trademarks.

## ALTERNATIVE DISPUTE RESOLUTION

12. <u>Settlement and ADR</u>

Because the Court has only recently set aside the default against Pacini, the parties have not yet begun discovery nor have they exchanged Initial Disclosures. The parties are currently meeting and conferring and will select a mutually agreeable date for the exchange of initial disclosures.

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-5946-CRB

13. <u>Consent to Magistrate Judge for All Purposes</u>

The parties do not consent to a Magistrate Judge.

14. <u>Other References</u>

The case is not suitable for binding arbitration, a special master or the Judicial Panel on MDL.

## LAW AND MOTION/TRIAL SCHEDULING

15. <u>Narrowing of Issues</u>

The parties have not discussed narrowing the issues, claims or defenses, but investigation and discovery are continuing.

16. <u>Expedited Schedules</u>

The parties are not amenable to an expedited schedule.

17. <u>Scheduling</u>

In addition, the Plaintiff proposes the following discovery and pretrial deadlines for this case:

| EVENT | DATE |
| --- | --- |
| Discovery Cut-Off (fact discovery) | October 17, 2008 |
| Expert witness FRCP 26(a)(2)(B) reports (including primary surveys) due | October 31, 2008 |
| Rebuttal FRCP 26(a)(2)(B) reports (including any rebuttal surveys) due | November 21, 2008 |
| Discovery Cut-Off (expert discovery) | December 19, 2008 |
| Last day to file dispositive motions | January 9, 2008 |
| Last day to hear dispositive motions | February 13, 2009 |
| Pretrial Conference | March 13, 2009 |
| Trial | March 20, 2009 |

Defendants propose the following discovery and pretrial deadlines for this case:

| | |
|---|---|
| Discovery Cut-Off (fact discovery): | January 12, 2009 |
| Expert witness FRCP 26(a)(2)(B) reports (Including primary surveys) due: | January 26, 2009 |
| Rebuttal FRCP 26(a)(2)(B) reports (including any rebuttal surveys) due: | February 17, 2009 |
| Discovery Cut-Off (expert discovery): | March 14, 2009 |
| Last day to file dispositive motions: | March 28, 2009 |
| Last day to hear dispositive motions: | February 2, 2009 |
| Pretrial Conference: | May 20, 2009 |
| Trial: | June 6, 2009 |

### TRIAL SCHEDULE

18. <u>Trial</u>

Plaintiff requests that this matter be set for trial beginning March 20, 2009, as indicated above. Defendants request a trial date in June 2009. In the event that this matter proceeds to trial, the parties expect trial testimony to last approximately 5-7 days, exclusive of *voir dire*, argument, motions, and other presentations outside the presence of the jury.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Other than the issue of whether MMI will be added to the Complaint as a defendant (see Paragraph 5, above), the parties are not aware of any additional non-party interested entities or persons.

20. <u>Other Matters</u>

There are no other matters that may facilitate a just, speedy and inexpensive disposition.

Respectfully submitted,

Dated: May 23, 2008          KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____/s/_____
Michael D. Lisi
Attorneys for Plaintiff Chanel, Inc.

Dated: May 23, 2008          TINGLEY PIONTKOWSKI LLP

By: _____/s/_____
Bruce C. Piontkowski
Attorneys for Defendant Susan Pacini and Master Marketeers, Inc.

I hereby attest that I have been authorized by Bruce C. Piontkowski to execute on his behalf this Joint Case Management Conference Statement.

Executed on this 23rd day of May, 2008, at San Francisco, California.

_____/s/_____
Michael D. Lisi

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____ 2008

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-5946-CRB